IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANTOINETTE WINSTON<br>        a/k/a "Tweety,"<br><br>    Defendant. | Case No. **17-cr-20047-01-CM** |

ORDER

Upon motion by the government and for good cause shown, namely the fact that the discovery to be provided to the defendant contains a significant amount of tax return and taxpayer return information, and personal identifying information of individuals other than the defendant, including Social Security numbers, home addresses, dates of birth, and employment records, the *Government's Motion for an Order Authorizing Disclosure of Taxpayer Return Information and Protective Order* [Doc. 8] is **granted**.

**IT IS HEREBY ORDERED** THAT pursuant to 26 U.S.C. § 6103(h)(4)(D), may disclose to defendant ANTOINETTE WINSTON and her counsel the "return" and "taxpayer return preparation" obtained during the course of the investigation in order to satisfy its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and *Brady v. Maryland* and its progeny.

1

For purposes of this Order, "return" and "return information" shall be defined as set forth in 26 U.S.C. § 6103.

**IT IS FURTHER ORDERED** that:

1. With the exception of otherwise publicly available documents and information, any documents and materials, including electronic media, provided to the defendant's counsel pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and *Brady v. Maryland* and its progeny are deemed confidential ("Confidential Information").

2. Confidential Information disclosed to the defendant's counsel during the course of the proceedings in this action shall be used by the defendant and/or her counsel solely for purposes of this criminal action, and shall not be disclosed in any form by the defendant and/or her counsel except as set forth below.

3. Confidential Information may be disclosed by the defendant's counsel only to the following designated persons: (i) personnel employed or retained by the defendant's counsel; (ii) independent expert witnesses or advisors retained, pursuant to a written retainer agreement, by the defendant's counsel in connection with this criminal case; (iii) prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel for trial preparation; and (iv) such persons as hereafter may be authorized by the government or by order of this Court. While Confidential Information may be disclosed to such designated persons, Confidential Information may not remain in their custody.

4. The defendant's counsel shall provide a copy of this Order to any designated person to whom he or she discloses Confidential Information. Designated persons shall be subject to the terms of this Order. The defendant's counsel shall maintain a record of all persons who have received Confidential Information.

5. The defendant's counsel shall store Confidential Information in a secure place in boxes, files, or folders marked "UNDER PROTECTIVE ORDER – DO NOT DISCLOSE." The defendant and her counsel shall use reasonable care to ensure that Confidential Information is not disclosed or disseminated to any third parties in violation of this Order. In the event of an inadvertent disclosure of Confidential Information, the defendant's counsel shall promptly notify the Court and the government as to the identity of the recipient of the inadvertently produced Confidential Information, and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Confidential Information.

6. The provisions of this Order shall not be construed as preventing the use of any Confidential Information in any motion, hearing, trial held in this action, and any appeal therefrom, or the disclosure of any Confidential Information to any Judge, or Magistrate Judge of this Court, or the Court of Appeals for purposes of this action.

7. Within 90 days of the conclusion of this case, including all related appeals, all Confidential Information and all copies thereof (other than exhibits of the Court) shall be returned to the United States Attorney's Office.

Alternatively, the defendant's counsel may inform the United States Attorney's Office in writing that all Confidential Information and all copies thereof have been destroyed.

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution.

**IT IS SO ORDERED.**

Dated this 25TH day of OCTOBER, 2017 at Kansas City, KS.

<u>/s/ Carlos Murguia</u>
HON. CARLOS MURGUIA
United States District Judge