IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-20047-01-JWL |
| ) | |
| ANTOINETTE WINSTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 38).  For the reasons set forth below, the court **grants** the motion.  The court reduces defendant's sentence to time served and imposes a special term of supervised release until May 3, 2022 with the additional restriction that the special term of supervised release shall include home confinement.[1]  At the end of the special term of supervised release, defendant will begin serving her previously imposed term of supervised release.

## I.     Procedural History

On August 21, 2018, defendant Antoinette Winston pled guilty to one count of wire fraud and one count of aggravated identify theft.  In July 2019, defendant was sentenced to

_____

[1] The United States Probation Office has reviewed and approved defendant's home plan.

34 months imprisonment followed by a one-year term of supervised release. She remained on release subject to conditions of pretrial release until she was notified to self-surrender at the end of 2019. Defendant is incarcerated at the minimum security satellite camp at FCI Pekin and her projected release date is May 3, 2022.

## II.    <u>Analysis</u>

Defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* The government concedes that defendant has exhausted her administrative remedies such that the court has jurisdiction to consider the motion on its merits.

The moving defendant bears the burden of establishing that "compassionate release" is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).

Section 3582(c)(1)(A) provides that a court may reduce a sentence if it finds, after considering applicable factors from § 3553(a), that (a) extraordinary and compelling reasons warrant the reduction and (b) the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). To address this statutory provision, the Sentencing Commission promulgated the policy

2

statement found at U.S.S.G. § 1B1.13, which adds the requirement that the defendant not be a danger to the safety of another person or the community. *See id.* In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id.* applic. note 1. In this case, the court looks to subdivision (D), known as the "catchall" provision, which provides as follows:

> **(D)  Other Reasons. –** As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.* Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. *See Jackson*, 2020 WL 2812764, at *3.

Defendant argues that extraordinary and compelling reasons for immediate release from prison exist because her medical conditions (obesity and diabetes) create an increased risk of serious harm or death from the ongoing coronavirus pandemic. The government concedes that defendant's medical conditions constitute extraordinary and compelling

3

reasons sufficient for this court to consider early release under the statute.[2]  Nonetheless, the government opposes the motion on the grounds that the § 3553(a) factors weigh against early release in light of the nature and seriousness of defendant's offenses and the need to provide just punishment for those offenses.  As highlighted by defendant in her reply, then, the sole question before the court is whether the § 3553(a) factors outweigh the risks to defendant's health if she remains incarcerated for the 18 months remaining on her sentence.

The court concludes in its discretion, for the reasons set forth below, that the § 3553(a) factors weigh in favor of early release when measured against the risk to defendant's health if she remains in custody.  Without question, defendant's underlying health conditions place her at a higher risk with respect to the COVID-19 coronavirus.  The government does not dispute that defendant is obese and has diabetes.  Defendant is five feet tall and weighs 203 pounds, resulting in a body mass index of 39.6 and placing defendant on the cusp of the "extremely" or "severely" obese category.  The CDC lists obesity as a condition that increases the risk of severe illness from COVID-19. *See CDC*, *Coronavirus Disease 2019 (COVID-19): People of Any Age with Underlying Medical Conditions*,  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed November 17, 2020). And in its most recent guidance, the CDC noted that "strong and consistent" evidence from medical studies have shown that obesity is in a category of conditions that present the greatest risk of serious

---

[2] In light of this concession, the court need not address defendant's additional arguments that her race and the conditions at FCI Pekin further increase her risk of serious harm or death with respect to COVID-19.

4

illness from COVID-19. *See CDC, Evidence Used to Update the List of Underlying Medical Conditions that Increase a Person's Risk of Severe Illness from COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last accessed November 17, 2020). Consistent with this guidance, courts have frequently found obesity as a significant factor warranting early release. *See United States v. Rivera*, 2020 WL 5105090, at *3 (E.D. Mich. Aug. 31, 2020) (granting motion for compassionate release where defendant had body mass index of 41.1 and defendant had served "large majority" of his sentence); *United States v. Leverette*, 2020 WL 4057425, at *1, 3 (E.D. Wis. July 20, 2020) (granting motion for compassionate release where defendant, among other things, was significantly overweight; defendant had served 22 years of 30-year sentence and had no disciplinary issues in custody); *United States v. Reads*, 2020 WL 2572280, at *3 (E.D. Mich. May 21, 2020) (ordering compassionate release of 33-year-old inmate with severe obesity and "prediabetes"). Moreover, the CDC lists Type 2 diabetes as a condition that increases the risk of severe illness from COVID-19.  *See* CDC, *Coronavirus Disease 2019 (COVID-19): People of Any Age with Underlying Medical Conditions*,  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed November 17, 2020).  Clearly, defendant's obesity and diabetes provide an extraordinary and compelling reason for relief in this case, as the government candidly recognizes in its response.

The policy statement in Guideline Section 1B1.13 requires that the defendant not be a danger to the safety of another person or the community.  The record reveals no disciplinary problems and, in fact, defendant is presently in a minimum security camp.

5

Significantly, the government concedes in its response that defendant does not appear to pose a danger to society upon release. The court, then, finds that this requirement is satisfied in this case.

Finally, the applicable § 3553(a) factors do not compel a contrary conclusion and weigh in favor of early release to home confinement. Those factors are: (1) the nature of the offense and the defendant's personal history and characteristics; (2) her sentence relative to the nature and seriousness of her offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable Guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1)-(6). To be sure, the nature of defendant's offenses is serious but the seriousness of those offenses was reflected in the sentence that she received and will complete in home confinement. Her offenses were not violent. Defendant's period of incarceration, together with a term of home confinement, is sufficient to serve the goals of incapacitation, deterrence, retribution, and rehabilitation. Significantly, the government does not address the § 3553(a) factors as they relate to defendant's proposal that she serve the remainder of her prison term on home confinement via supervised release.

In summary, the court concludes in its discretion that extraordinary and compelling reasons warrant the reduction of defendant's sentence to time served pursuant to § 3582(c)(1)(A), and defendant's motion is hereby granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 38) is hereby **granted**.  The court reduces defendant's sentence to time served.

**IT IS FURTHER ORDERED THAT** the court imposes a special term of supervised release until May 3, 2022 with the additional restriction that the special term of supervised release shall include home confinement.  During this time, defendant shall remain at her approved residence except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the U.S. Probation Officer. Defendant shall be required to wear a location monitoring device, which will include Radio Frequency, Global Positioning System and/or Random Tracking at the discretion of the probation officer, and defendant shall abide by all technology requirements.  Defendant shall follow all location monitoring procedures specified by the probation officer, and defendant must contribute toward the cost, to the extent that she is financially able to do so, as directed by the Court or the probation officer.  At the end of the special term of supervised release, defendant will begin serving her previously imposed term of supervised release.  All previously imposed terms and conditions of defendant's supervised release remain in effect.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge